CHICAGO—FIRST DISTRICT—MAY, 1917. 561

Our Savior N. E. L. C. of C. v. F. I. C. of N., N. J., 205 Ill. App. 561.

4. MASTER AND SERVANT, § 751*—*when contributory negligence of servant is question for jury.* In an action by a servant to recover for personal injuries, the question of contributory negligence *held* to be for the jury.

5. MASTER AND SERVANT, § 701*—*when evidence sufficient to show that contributory negligence of plaintiff is not proximate cause of injury.* In an action by a servant for personal injuries, evidence examined and *held* to support a finding that the plaintiff's negligence was not the proximate cause of the injury.

6. MASTER AND SERVANT, § 683*—*when evidence sufficient to show negligence.* In an action by a servant for personal injuries, evidence examined and *held* to be sufficient to support a finding that defendant was guilty of negligence.

7. EVIDENCE, § 148*—*when exhibition of injured member is not error.* In an action for personal injuries, the exhibition of the injured member to the jury *held* not a ground for reversal.

8. DAMAGES, § 241*—*when verdict for personal injuries not excessive.* Verdict of $8,000 from which a remittitur of $3,000 was made, in an action for personal injuries, *held* not so excessive as to show passion or prejudice.

---

**Our Savior Norwegian Evangelical Lutheran Congregation of Chicago, Appellant, v. Firemen's Insurance Company of Newark, New Jersey, Appellee.**

**Gen. No. 22,886. (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed May 21, 1917. Rehearing denied June 4, 1917.

## Statement of the Case.

Action by Our Savior Norwegian Evangelical Lutheran Congregation of Chicago, a corporation, plaintiff, against Firemen's Insurance Company, of Newark, New Jersey, a corporation, defendant. From a judg-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCV 36

ment entered on the verdict of the jury for $105.53 for plaintiff, the latter appeals.

JOHN J. SONSTEBY, for appellant.

SEYMOUR EDGERTON, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

APPEAL AND ERROR, § 1751*—*when judgment affirmed on striking bill of exceptions.* Where, on appeal, the bill of exceptions has been stricken from the record, and the errors assigned are not solvable without reference to the bill, the judgment will be affirmed.

---

### Florence M. Hazard, Appellant, v. Nathaniel T. Hazard, Individually and as Administrator et al., Appellees.

#### Gen. No. 22,888.

1. DIVORCE—*what is sufficient proof of service of notice by mail on nonresident.* In a suit against a nonresident for divorce, where notice is served by mail, proof of receipt of such notice is not required, but a certificate of the clerk that the notice was mailed is sufficient compliance with the statute.

2. DIVORCE, § 45*—*when evidence sufficient to show notice of divorce proceedings.* On a bill of review to set aside a decree of divorce, evidence examined and *held* to show that complainant had knowledge and notice of the divorce and agreed to the terms of the decree.

3. DIVORCE, § 67*—*when wife barred by laches from questioning default decree.* One who, with full knowledge of the pendency of a suit against her for divorce, acquiesces in and agrees to all that is done and accepts a financial settlement based thereon and does not question the decree until the husband has been dead more than

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.